UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>BALINDA COLE, *et al.*,<br><br>    Defendants. | Case No. C05-5610FDB<br><br>REPORT AND RECOMMENDATION ON INJUNCTIVE RELIEF<br><br>**NOTED FOR:**<br>**April 21st, 2006** |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for a injunctive relief. (Dkt. # 18).

    Plaintiff asks the court to order the Department of Corrections ship his property to him. (Dkt. # 18). Plaintiff was recently transferred from the Penitentiary in Walla Walla to the Washington Correction Center at Shelton.

    This case concerns plaintiff's arrest when he was a juvenile. Plaintiff alleges he was arrested in Washington and returned to the state of California when he was a juvenile on probation. His California probation officer was defendant Cole. (Dkt. # 6). The requested injunctive relief is

REPORT AND RECOMMENDATION - 1

unrelated to any claim in the case.

The Department of Corrections has responded and argues it shipped two boxes of materials with Mr. Swinyer at state expense as required by policy. The department acknowledges he has additional material a the Penitentiary but argue policy requires he pay for shipment of that material. (Dkt. # 19).

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

In addition, the court is mindful that the relief requested is not part of any issue in this litigation. The court does not wish to discourage plaintiff from pursuing claims he has against these defendants, but believes that it should not intentionally or unwittingly pre-determine an unrelated issue in the absence of an actual case or controversy. If the plaintiff commences a new action, then he has the opportunity to challenge the actions of the persons who will not send him the materials and challenge the propriety of the policy at issue. Accordingly, the motion should be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 2

1   72(b), the clerk is directed to set the matter for consideration on **April 21st, 2006**, as noted in the
2   caption.

    DATED this 17th day of March, 2006.

                              <u>/S/ J. Kelley Arnold</u>
                              J. Kelley Arnold
                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 3