UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER Jr., <br><br> Plaintiff, <br><br> v. <br><br> BALINDA COLE, *et al.*, <br><br> Defendants. | Case No. C05-5610FDB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **May 26th, 2006** |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant State of Washington Department of Corrections Motion to Dismiss. (Dkt. # 20).

    The named defendants in this action are Balinda Cole, the Northern Reception Center Parole Board California Youth Corrections Facility, the Washington State Department of Corrections and Clark County. (Dkt. # 6). Neither Balinda Cole nor the Northern Reception Center Parole Board California Youth Corrections Facility accepted service by mail and plaintiff has taken no steps to serve these defendants. This action was commenced August 5th, 2005. (Dkt. # 1).

REPORT AND RECOMMENDATION - 1

The Department argues it is not a person within the meaning of the Civil Rights Act and the Eleventh Amendment prohibits a suit for damages against the state in federal court. (Dkt. # 20). In Response to the motion plaintiff argues the Department of Correction is a "creature of the state and as such performs duties under color of state law." (Dkt. # 24 page 3). He also asks for leave to amend the complaint to name the "director or other supervisory person's of the department." (Dkt. # 24 page 3). Plaintiff has also filed a proposed amended complaint and a motion to amend. The amendment does not cure the defect raised by the Department of Corrections. (Dkt. # 25).

## DISCUSSION

### A. The Standard.

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the

REPORT AND RECOMMENDATION - 2

complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

  B. <u>The Washington State Department of Corrections</u>.

  The Departments' position is correct. The Department is not a person within the meaning of the Civil Rights Act. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The Eleventh Amendment prohibits a suit against the state for damages in federal court. Further, the proposed amendment does not cure the defect as plaintiff provides no facts to support liability against "supervisors." The Department is entitled to dismissal from this action for failure to state a claim against it.

  C. <u>Defendants Cole and the Northern Reception Center Parole Board California Youth Corrections Facility</u>.

  Defendants Cole and the Northern Reception Center Parole Board California Youth Corrections Facility have not been served. Normally a person has 120 days to serve the defendants. Federal Rule of Civil Procedure 4 (m) indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). This case was commenced August 5th, 2005, more than 120 days ago.

  The above analysis and a plain reading of the rule would appear to indicate that dismissal of defendant Cole and the Northern Reception Center Parol Board California Youth Corrections Facility without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

  The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the

REPORT AND RECOMMENDATION - 3

defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

The court has no indication either defendant is aware of this action. Both these defendants should be dismissed without prejudice. The only remaining defendant, the Clarke County has filed an answer. (Dkt. # 26). A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 26st, 2006**, as noted in the caption.

DATED this 25th day of April, 2006.

                                          */S/ J. Kelley Arnold*
                                          J. Kelley Arnold
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 4