1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE C. SWINYER Jr.,

    Plaintiff,

        v.

BALINDA COLE, *et al.*,

    Defendants.

Case No. C05-5610FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**August 18th, 2006**

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate

Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules

MJR 1, MJR 3, and MJR 4. Before the court is defendant Clark County's motion for summary

judgment.  (Dkt. # 35).  Clark County is the sole remaining defendant.

                                    PROCEDURAL HISTORY

    The original named defendants in this action were Balinda Cole, the Northern Reception

Center Parole Board California Youth Corrections Facility, the Washington State Department of

Corrections and Clark County.  (Dkt. # 6).  Neither Balinda Cole nor the Northern Reception Center

REPORT AND RECOMMENDATION - 1

1  Parole Board California Youth Corrections Facility accepted service by mail and plaintiff did not take

2  any further steps to serve them.  These defendants were dismissed without prejudice for failure to

3  perfect service.  The Washington State Department of Corrections moved for dismissal as agencies

4  of state government are not persons within the meaning of the Civil Rights Act.  That motion was

5  granted.

6       The only remaining defendant now moves for summary judgment and plaintiff has not

7  responded.  Plaintiff asked for an extension of time and his motion has been denied.  Clark County

8  claims this action is time barred and that plaintiff can show no constitutional violation attributable to

9  the county.  (Dkt. # 35).

10                        THE STANDARD.

11      Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings,

12 depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

13 there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

14 law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the

15 nonmoving party fails to make a sufficient showing on an essential element of a claim on which the

16 nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

17      There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

18 rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Corp. v. Zenith Radio

19 Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence,

20 not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute

21 over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring

22 a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S.

23 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626,

24 630 (9th Cir. 1987).

25      The determination of the existence of a material fact is often a close question.  The court must

26 consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the

27 preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,

28 REPORT AND RECOMMENDATION - 2

1  809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving

2  party only when the facts specifically attested by the party contradicts facts specifically attested by the

3  moving party. Id.

4      The nonmoving party may not merely state that it will discredit the moving party's evidence at

5  trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809

6  F.2d at 630.(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not

7  sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S.

8  871, 888-89 (1990).

9      Here, plaintiff has failed to respond to the pending motion. Pursuant to Local Rule 7 failure

10 to respond to a motion may be considered an admission the motion has merit. In this case the court

11 does not view the failure to respond as an admission given plaintiff's request for a continuance, but

12 the court does adopt Clark Counties facts.

13                                            <u>FACTS</u>

14      Clark Counties introduction and statement of undisputed facts are set forth below.

15      A.      Introduction

16      On August 5, 2005, plaintiff filed this civil rights lawsuit against several
   defendants, including Clark County, challenging, among other things, his 1995

17 detention in the Clark County Juvenile Justice Center at the direction of defendant
   Balinda Cole of the "Clark County Probation Office." The files and records of the

18 Clark County Juvenile Justice Center show that plaintiff was, in fact, detained
   between January 9 and February 1, 1996, under the Interstate Compact on Juveniles

19 at the direction of his parole officer, Balinda Cole of the Juvenile Rehabilitation
   Administration (JRA), a division of the Washington Department of Social and Health

20 Services. Plaintiff, whose date of birth is November 16, 1978, was 17 years old at the
   time and alleges that he was falsely imprisoned and maliciously prosecuted. On

21 February 1, 1996, plaintiff's custody was transferred to the California Youth
   Authority (CYA). Plaintiff claims that he was held in detention for 30 days without

22 hearing or court appearance before being turned over to CYA, Complaint, Section
   IV, paragraph 6, a fact that would have been known to him at the time it occurred.

23 During his detention, Clark County provided housing to the plaintiff, but played no
   role in the administration of his parole by the JRA or the CYA.

24

25      Defendant Clark County seeks summary judgment of dismissal with prejudice
   of plaintiff's claims against it because the applicable statute of limitations has long
   since expired.

26

27      B. Undisputed Facts

28 REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

        Plaintiff's date of birth is November 16, 1978.  He was convicted as a juvenile of burglary in the first degree and on July 6, 1993, was committed to the custody of the California Youth Authority (CYA) for six years.   He was paroled and transferred under the Interstate Compact on Juveniles to supervision by Washington's JRA on October 13, 1995.  On January 9, 1996, plaintiff was detained in the Clark County Juvenile Justice Center by his Washington parole officer, Balinda Cole.  Ms. Cole was an employee of JRA and not Clark County.  There were no local delinquency or criminal matters pending during his detention.  While detained, Clark County provided housing for plaintiff, but was not involved in the JRA's administration of his parole.  Plaintiff was released from the Clark County Juvenile Justice Center to the custody of the CYA on February 1, 1996.

7

8

9

10

        Although he attained majority on November 16, 1996, plaintiff remained in the custody of the CYA on the original burglary charge until October 17, 1998, when he was again paroled.  On June 8, 1999, his parole was again transferred under the Interstate Compact.  He was discharged from parole on February 11, 2000.  Plaintiff's criminal history as a juvenile reflects that at no time between his initial burglary conviction and his discharge from juvenile parole was plaintiff "imprisoned on a criminal charge prior to sentencing."

11

12

13

14

        His criminal history further reflects that, as an adult, plaintiff was first arrested and booked into the Clark County Jail on July 12, 1999, in Clark County District Court Case No. 265331 for a misdemeanor assault (domestic violence).  On July 14, 1999, he was sentenced to "time served."   He was "imprisoned on a criminal charge prior to sentencing" for two of the three days he was in custody.  Plaintiff's adult criminal history reflects no other incarceration of any kind prior to November 18, 1999.

15

(Dkt. # 35, page 2 to 4)(footnotes omitted).

16

DISCUSSION

17

    A. <u>Statute of limitations</u>.

18

19

20

21

22

    42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations.  The statute of limitations from the state cause of action most like a civil rights action is used.  Usually this is a states personal injury statute.  In Washington a plaintiff has three years to file an action.  <u>Rose v. Rinaldi</u>, 654 F.2d 546 (9th Cir 1981).  The federal court also uses any applicable tolling provisions.  <u>Bianchi v. Bellingham Police Department</u>, 909 F.2d 1316 (9th Cir. 1990).

23

24

25

26

    Here, the actions complained of occurred in January and February of 1996 while plaintiff was a minor.  The statue of limitations was tolled until plaintiff reached the age of majority on November 16th, 1996.  There was also a two day tolling while plaintiff was in custody on a criminal charge prior to sentencing from July 12th until the 14th, 1999.

27

28

    Thus, plaintiff had until November 18th, 1999 to file a cause of action on any alleged civil

REPORT AND RECOMMENDATION - 4

rights violation that occurred when he was a minor.  This action was not filed until August 5th, 2005 and is nearly six years time barred.  Having reached this conclusion the court does not address any further arguments raised by Clark County.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 18th, 2006**, as noted in the caption.

DATED this 31st, day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5